UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GOVERNMENT EMPLOYEES INSURANCE CO.; GEICO
INDEMNITY CO.; GEICO GENERAL INSURANCE
COMPANY; and GEICO CASUALTY CO.,

                        Plaintiffs,

    -against-

ROBERT DELLA BADIA, M.D.; BANEUR MEDICAL,
P.C.; YURIY ZAYONTS; MIKHAIL KREMERMAN;
VLADISLAV ZARETSKIY; VADIM MILORADOVICH,
M.D.; BEN CORTIJO, M.D.; HADASSAH ORENSTEIN,
M.D.; NEIL MORGENSTERN, M.D.; BARRY SLOAN,
D.O.; YONG CHI, M.D.; JOSEPH RAIA, M.D.; SERVIO
CALDERIN, M.D.; FELICITY MEDICAL CARE, P.C.;
EVA GATEVA, M.D.; PARK AVENUE MEDICAL CARE,
P.C.; NARCISSE VERSAILLES, M.D.; WHITE PLAINS
MEDICAL CARE, P.C.; RAFAEL ANTONIO
DELACRUZ-GOMEZ, M.D.; BRONX MEGA CARE
MEDICAL, P.L.L.C.; CLARISSE CLEMONS, M.D.;
CAUTIOUS CARE MEDICAL CENTER, P.C.; IVAN
DARIO BARAQUE, M.D.; PITKIN MEDICAL SERVICES
II, P.C.; GRACIA MAYARD, M.D.; and METROPOLITAN
POST-TRAUMATIC MEDICAL CARE, P.C.,

                        Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 18 2015 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-1720 (CBA)(VMS)

**AMON, Chief United States District Judge.**

On March 29, 2013, plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (together, "GEICO"), brought this action against defendants for their participation in a scheme to submit fraudulent no-fault insurance claims for services allegedly provided to car accident victims. Specifically, GEICO alleges that Zuriy Zayonts, Mikhail Kremerman, and Vladislav Zaretskiy (the "Management Defendants")—all of whom are not licensed medical professionals—fraudulently incorporated Baneur Medical, P.C. in order to submit fraudulent no-fault insurance claims to insurers such as GEICO. To fraudulently incorporate Baneur, they paid Dr. Robert Della Badia to falsely represent that he was the owner of Baneur. (Compl. ¶¶ 80-83.) As part of this scheme,

1

the Management Defendants paid kickbacks to various no-fault clinics and individuals associated with no-fault clinics (the "Referral Defendants") and, in exchange, the Referral Defendants steered patients to Baneur for medically unnecessary fraudulent services. (Id. ¶¶ 101-05.)

The Management Defendants and Dr. Badia settled with GEICO in August 2013, (Docket Entry ("D.E.") # 90-92), and GEICO subsequently sought default judgments against Baneur and several of the Referral Defendants—Bronx Mega Care Medical, P.L.L.C., Dr. Ivan Dario Baraque, Pitkin Medical Services II, P.C., Dr. Eva Gateva, Park Avenue Medical Care, P.C., Felicity Medical Care, P.C., Dr. Rafael Delacruz-Gomez, Dr. Gracia Mayard, and Metropolitan Post-Traumatic Medical Care, P.C. (the "defaulting Referral Defendants"). (D.E. # 127.) This Court referred the motion for default judgment to Magistrate Judge Vera M. Scanlon.

On January 31, 2015, Magistrate Judge Scanlon issued a Report and Recommendation ("R&R") recommending that the Court: (1) grant GEICO's motion for default judgment against Baneur for fraud (or, in the alternative, unjust enrichment); and (2) grant GEICO's motion for default judgment against the defaulting Referral Defendants for conspiracy to commit a civil RICO violation. The R&R further recommends that the Court enter judgment as follows: (1) $117,210.85 against Baneur and the defaulting Referral Defendants, for which they are jointly and severally liable; (2) $234,421.70 against the defaulting Referral Defendants, for which they are jointly and severally liable; (3) $42,173.28 against Baneur for pre-judgment interest on the fraud claim, plus an additional $28.48 per day from February 1, 2015 until the entry of judgment; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

2

§ 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the R&R and finds no clear error in the R&R's recommendations. To the extent the R&R finds that the complaint adequately alleges a substantive civil RICO violation against the defaulting Referral Defendants, however, the Court does not adopt that portion of the R&R. (See R&R at 32-39.) In the complaint, GEICO does not assert a claim against the Referral Defendants for a substantive violation of RICO under 18 U.S.C. § 1962(c), but rather asserts only a RICO conspiracy claim against them under § 1962(d). (See Compl. ¶¶ 211-17; D.E. # 127-1 (explaining that "GEICO seeks a default judgment . . . on its Third Cause of Action against Bronx Mega, Baraque, Pitkin, Gateva, Park Avenue, Felicity, Delacruz-Gomez, Mayard, and Metropolitan PC, for violation of the civil RICO statute, 18 U.S.C. § 1962(d)").) The substantive RICO claim is instead brought against Dr. Badia and the Management Defendants, (Compl. ¶¶ 204-10), all of whom have settled with GEICO.

This does not alter the conclusion that GEICO established the liability of the defaulting Referral Defendants for conspiracy under § 1962(d). As discussed in the R&R, the complaint adequately alleges a substantive RICO violation—namely, that (1) Baneur was an enterprise that affected interstate commerce, (id. ¶ 205); (2) Baneur committed at least two predicate acts of racketeering under RICO within ten years when it violated the mail fraud statute by submitting numerous fraudulent no-fault insurance claims to GEICO, (id. ¶ 206; id. Ex. 1.);[1] and (3) this

---

[1] In considering whether the complaint adequately alleged a substantive civil RICO violation, the R&R focused on whether the defaulting Referral Defendants committed at least two predicate acts of racketeering—i.e., whether each defaulting Referral Defendant "made at least two referrals for kickbacks." (R&R at 35.) As acknowledged elsewhere in the R&R, however, the predicate acts alleged in the complaint are violations of the mail fraud statute,

3

pattern of activity constituted an open-ended pattern of racketeering activity, (Compl. ¶¶ 77-89 (alleging that Baneur was fraudulently incorporated in order to allow the Management Defendants to further their scheme of submitting fraudulent no-fault insurance claims); id. ¶ 207 (alleging that Baneur "exists for the purpose of submitting fraudulent charges to insurers").) Given that the complaint alleges the defaulting Referral Defendants agreed to contribute to the fraudulent scheme by providing Baneur with access to patients and "steer[ing] [patients] to Baneur Medical for the medically unnecessary Fraudulent Services" in exchange for kickbacks, (id. ¶¶ 103, 214-15), GEICO has established the liability of the defaulting Referral Defendants under § 1962(d). See, e.g., State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., No. 04-CV-5045(ILG), 2008 WL 4146190, at *15 (E.D.N.Y. Sept. 5, 2008) (finding complaint stated a RICO conspiracy claim against defendants where it alleged "that these defendants aided and abetted the overall fraudulent scheme by providing referral documents that claimed that CPT testing was medically necessary. In referring patients for testing that the doctors and medical facilities knew were not medically necessary, it can reasonably be inferred that defendants knew their acts would lead to the submission of fraudulent bills.").

## CONCLUSION

Accordingly, the Court adopts the R&R's recommendations. The Court grants GEICO's motion for default judgment against Baneur for common law fraud,[2] and against Bronx Mega Care Medical, P.L.L.C., Ivan Dario Baraque, M.D., Pitkin Medical Services II, P.C., Eva Gateva,

---

18 U.S.C. § 1341. (R&R at 34.) Given that GEICO alleged the substantive civil RICO claim against Dr. Badia and the Management Defendants and a RICO conspiracy claim against the Referral Defendants, the relevant inquiry for the Referral Defendants is whether they "agreed to participate in the affairs of the enterprise through a pattern of racketeering activity." United States v. Yannotti, 541 F.3d 112, 121 (2d Cir. 2008); see also Gov't Emps. Ins. Co. v. Infinity Health Prods., Ltd., No. 10-CV-5611(JG)(JMA), 2012 WL 1427796, at *8 (E.D.N.Y. Apr. 6, 2012) (finding allegations related to scheme to submit fraudulent insurance claims "sufficient to show that the Infinity scheme defendants knew the general contours of the ongoing scheme, and are liable for a RICO conspiracy").

[2] The R&R recommended that if the Court did not adopt the finding that Baneur is liable for fraud, the Court should find Baneur liable for unjust enrichment. (R&R at 32.) Because the Court adopts the R&R's finding that Baneur is liable for fraud, it does not grant GEICO's motion for default judgment against Baneur for unjust enrichment.

M.D., Park Avenue Medical Care, P.C., Felicity Medical Care, P.C., Rafael Delacruz-Gomez, M.D., Gracia Mayard, M.D., and Metropolitan Post-Traumatic Medical Care, P.C. for conspiracy to commit a civil RICO violation under 18 U.S.C. § 1962(d). The Clerk of Court is directed to enter judgment in favor of GEICO as follows: (1) $117,210.85 against Baneur, Bronx Mega Care Medical, P.L.L.C., Ivan Dario Baraque, M.D., Pitkin Medical Services II, P.C., Eva Gateva, M.D., Park Avenue Medical Care, P.C., Felicity Medical Care, P.C., Rafael Delacruz-Gomez, M.D., Gracia Mayard, M.D., and Metropolitan Post-Traumatic Medical Care, P.C., for which they are jointly and severally liable; (2) $234,421.70 against Bronx Mega Care Medical, P.L.L.C., Ivan Dario Baraque, M.D., Pitkin Medical Services II, P.C., Eva Gateva, M.D., Park Avenue Medical Care, P.C., Felicity Medical Care, P.C., Rafael Delacruz-Gomez, M.D., Gracia Mayard, M.D., and Metropolitan Post-Traumatic Medical Care, P.C., for which they are jointly and severally liable; (3) $42,173.28 in pre-judgment interest against Baneur on the common law fraud claim, plus an additional $28.48 per day from February 1, 2015 to the date on which judgment is entered; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

GEICO is ordered to serve a copy of this Order on the defaulting defendants and file a proof of service with the Court.

SO ORDERED.
Dated: March 18, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge